In Ejectm’t upon a special Verdict the Case was Eliz Ransone seised in Fee tail of the Premes in Question marr’d Rob’t Dudley They had Issue the Lessor their Son & Heir born in 1692 — Dudley died in Oct’r 1701 — In Sept. 1710. Eliz. marr’d one Elliot who died in Nov. 1716 — She died in Dec. 1718 — In Oct. 1726. the Lessor bro’t an Ejectm’t In w’ch Suit Judgm’t was given ag’t him in Oct. 1729. And this Suit was brought in Apr. 1739.
Dudley his Wife by Lease & Rel. both dated 16. Oct. 1694 ackn’d but Feme not exam’d sell & convey for val. Cons, to Jas. Ransone In the Deed of Rel. is this Clause “ And lastly “ the s’d R. D. & E. his Wife do by these Presents firmly oblige “ themselves their Heirs Ex’rs & Adm’rs the s’d Land Tenem’ts “ Hered’ts with all & singular its Rights Members Jurisdictions “ & appert’s & every Part & Parcel thereof as is bef. expressed “ unto the s’d Jas. Ransone his Heirs & Ass. to warrant & ever defend ”
Ja’s Ransone by his Will devised to his Sons Geo. Robert & Peter in Fee And they for val. Cons, sell & convey to Tho. Booth who by his Will devises to his Ex’rs (the Defts.) to be sold
*B344 The Defts. & those they claim tinder have been in quiet Possession ever since the Deed to Ransone in 1694. Save when the Ej. was bro’t in 1726.
The Lessor had Lands in Fee simple by Descent from his Fa’r to the Value of 288 — 15. & the Prém are of the Value of 323 — 15
The Lessor being Issue in tail of his Mother it must be admitted that he has a good Title unless'he is barred by the Act of Lim or by the Warr of his Fa’r in the Deed of Conv. to Ransone
These then are the 2 Points in the Case
And 1. I conceive the Lessor is barred of his Entry by the Act of Lim. 9. Ann. 13.
The Case as to this Point is shortly thus
Dudley & his Wife in 1694. sell to Ranson Dudley died in 1701. The Wife in 1710. marr’d one Elliot who died in Nov. 1716. She died in Dec. 1718. The Lessor bro’t an Ej. in Oct. 1726. judgm’t was given ag’t him in Oct. 1729. And this Suit was bro’t in Apr. 1739. The Defts. have been in Possion under the Conv. in 1694. ever since the mak’g of it
This Conv. in 1694. from Dudley & his Wife (she not being ex’d) must be considered meerly as the Act of the Husb’d And as such at the Com. Law would have made a Discontinuance & taken away the Wifes Entry but that is saved by the 32 H. 8. 28. to her & her Heirs who by that Stat. may enter after the Husbands Death.
A Right of Entry then in this Case accrued to the Lessors Moth’r upon the Death of her Husband Dudley in 1701. At this Time there was an Act of Ass. subsisting made in. 1662 whereby 5 Years Possion was a Bar
[318] But that Act being rep’d by the 9. Ann. I shall not pretend to say the Court can take any Notice of it
In Oct. 1710. the Act of 9. Ann. was made w’ch enacts to this Purpose “ that no pson or psons that now hath or have or w’ch “ hereafter may have any Right or Title of Entry into any Lands “ &c. 'shall at any Time hereafter make any Entry but within “ 20 Years next after his or their Title hath heretofore descended “ or accrued or hereafter shall descend or accrue And in Default “ thereof they & their Heirs shall be utterly excluded & disabled “ from such Entry Provided that if any Person that hath or “ shall have such Right or Title of Entry be or shall be at the ‘ ‘ Time of such Entry first accrued within Age Feme Covert &c. *B345 “ such Person may notwithst’a the 20 years are exp. make his “ Entry so as such Person within ten Years next after the “ Disability removed take Benefit of & sue for the same & at no “ Time after s’d ten Years ”
This Act repealing that of 1662 revived the Right of Entry of the Lessors Mother w’ch was barr’d by the old Act But then this Act has a Retrospect with Regard to Titles accrued before the making of it Psons then having a Right must enter within 20 Years from the Time his Right first accrued The Words of the Act are express & plain to this Purpose.
Now the Pson having a Right of Entry in this Case when the Act was made -was the Lessors Mother whose Right first accrued upon the Death of her Husband Dudley in 1701. as has been observed
By the Enacting Part of this Act She & her Heirs ought to have entred within 20 Years from the Time her Right first accrued Now no Ej. was bro’t till 1726. But luckily for the Lessor his Mother was marr’d just a Month before the Act was made And so being under Coverture by the Proviso or Saving Clause She & her Heirs had ten years to enter from her Discoverture w’ch happened in Nov’r 1716. And the Lessor bro’t the Ej. in Oct. 1726. just a Month within Time If he had stayed a Month longer he wo’d have been barr’d of that Ejectm’t
Now he brings another Ej. at the Distance of 12 years & from the first 9}4 years after Judgm’t was given ag’t him & more than 12 years after the Time allowed by the Act for him to make his Entry is exp.
And the Question is Whether the bringing of that Ej. in 1726 has taken the Case out of the Act of Lim for if it has not the Time allowed by that Act is elapsed & the Lessor is clearly barr’d
I shall be glad to hear for I must own I am at a Loss to guess what Reasons can be offered for the Affirmative Sure I am there is no Authority but I think there is an Authority in Point on [319] the other Side of the Question if there was not I take it to be clear upon the Words of the Act of Ass. Upon the Reason of the Thing & the manifest Inconvenience that would follow if the Law was otherwise that the bringing of an Ej. is not making an Entry so as to take a Case out of the Act of Lim.
1. As to Authority By the 4. H. 7. Fines levied as there mentioned are declared to conclude both Strangers & Privies but there is a Saving to all psons other than the parties “ So that *B346 “ they pursue their Title Claim or Int by Way of Action or lawful “ Entry w’thin five years ”
One having a Title bro’t an Ej. within 5 years after his Title accrued And the Question was Whether this was an Entry or Claim so as to avoid the Bar of the Fine And resolved that it was not And that the Confession of Lease Entry & Ouster sho’d not prejudice the Deft. 1 Vent. 42. Clark a Phillips.
By our Act psons must make their Entry within 20 years after their Title accrues or in Default thereof to be barr’d But there is a Saving to psons under Incapacity who may enter after the 20 Years “ So as such pson within ten Years after the Incapacity “ removed take Benefit of & sue for the same.”
The Words of our Act & those of the Stat, are the same in Substance And if the bringing an Ej. is not making an Entry in the one Case Neither can it in the other The Cases are parrallel both in Law & Reason.
As to the Confession of Lease Entry &c. that is a Rule a Deft, is forced into by the Court And it would be very strange if that sho’d turn to his Prejudice But in Reality it is not the Entry of the Lessor that is confessed but of the nominal Pit. The Rule only confesses that a Lease was made by the Lessor that the Lessee (the nominal Pit.) entered that the Deft, ousted him Certainly then where an Entry is necessary to make a Title this Rule can signfy nothing 1 Sal. 259. 1 Vent. 382. Sed, vid. 248. Hales Opin. con. Court takes Notice that Ej. is fictitious & Entry not real 1 Sal. 245.
2. Let us consider this Point upon the Words of the Act of Ass. All psons must enter within 20 Years after their Title first accrued “ And in Default thereof shall be barr’d ” This is the Enacting Part The Saving Clause is “ that Psons under Incapacity may enter after the 20 Years So as it be within ten “ Years after the Incapacity removed And at no Time after
These Words “At no Time after ” are very strong & seem calculated to exclude Entrys under any Pretence after the ten Years If the Makers of the Act intended to except this Case of an Ej. bro’t within Time why did they not mention it The Words of the Act [320] are general Et ubi lex non distinguit nec nos distinguimus say the Judges The Words are very express that psons shall not shall not enter after ten Years How then can the Co’rt adj. that the Lessor here may enter after more than 20.
*B347 Did the Lessor by his Ej. in 1726. acquire a new or a different Right of Entry from what he had before Surely it can’t be pretended And if not if he has only the same Right of Entry now he had then the Act is a clear Bar to that Right
But 3. The Reason of the Thing & the great Inconveniences that wo’d ensue if the Law was otherwise sufficiently prove the Law to be as I contend viz. that the Lessor is barr’d by the Act of Limitation notwithsta. his Ej. in 1726.
The Acts of Lim were made for the Security of honest Purchasors Upon this Acco’t they always meet with a favourable & liberal Constr. for the Benefit of Purchasors The Mischief intended to be remedied was the setting up of stale Titles Therefore says the Act no one shall be allowed to make an Entry after such a Time
But how will this Mischief be remedied if psons are allowed to enter after the Time limited by the Act Will not Purchasors be often deceived if such a Practise prevails And so the princ. Design & Intention of the Act defeated Pchasors often rely on these Acts of Lim as their greatest Security If they are suffered to be evaded under any Pretence no Purchasor can be safe
But further in this Case I would ask Has the Lessor by his Ej. in 1726 acquired a Right of suing again at any Distance of Time. If not when is the Act of Lim to bar him When is it to begin to run The Act points out no other Periods but from the first accruing of the Right & the Removal of the Incapacity The Time is long since elapsed from those Periods No new Right of Entry has since accrued to the Lessor
It is not plain from hence if we go beyond the Time limited by the Act we shall neither know where to begin nor where to stop By the same Rule & Reason that the Lessor may maintain this Ej. in Case he miscarries he may bring another at the Distance of another 12 or even 20 Years & so a fourth in infinitum At this Rate the longest possession will signifie nothing & the Acts of Lim are made in vain
The Inconvenience then of departing from the Act is manifest Titles may be set up under the same Pretence as in this Case at any Distance of Time Suits multiplied without End Honest Purchasors deceived The longest Possion of no Effect And the Acts of Lim utterly defeated
[321] Argument ab inconvenienti very forcible
*B348 I will add only one Observ’a more upon a Clause in another Act of Lim. viz. 4. Ann. 35. of personal Actions
There is a Proviso that if the Pit. bring an Action within Time & has a Verdict but Judgm’t is stayed or reversed for Error he may bring a new Suit within a Year And there is the same Proviso in the Stat. 21. Ja. 1.
It is reasonable to think if the Law makers had intended to allow the bringing of a second Ej. or Action for Lands they wo’d have inserted the same Proviso as to them And especially the Makers of the Stat. because they are both in the same Act Ours are two different Acts but cop’d almost verbatim from the Stat.
There being no Proviso as to the Lands is not only a strong Argum’t but a kind of Proof that they did not intend to allow of a second Suit or Action in that Case
But if there was such a Proviso it wo’d not help the Lessor for it extends only to Cases where the Pits. Right is affirmed by Verdict & then he must sue within a Year Here Judgm’t was ag’t the Pit & he has not sued again till Years after
This Proviso is a Proof the Law Makers did not intend a 2d Action sho’d be brought after the first except in the Cases excepted
Taking this Case then in any View I cannot see what Foundation there is for saying the Pit. may maintain the present Ej. because he bro’t another formerly within Time
The Act of Ass. gives no such Right On the contrary the Words are express that no Entry shall be made after the Time there limited No Proviso within the Equity or Intendment of w’ch Lessor can bring himself but rather a strong Presumption that no such Thing was intended Manifest Inconv-’s if the Law was so & last by a Case in Point that bringing an Ejectm’t is not making an Entry
Obj. But these Statutes are sometimes taken by Eq. and under particular Circumstances it has been allowed to bring personal Actions at least after the Time where an Action has been before comenced within Time
Ans. I agree such 2d Action has been sometimes allowed in personal Actions There is not the same Inconv. with Respect to Purchasors But in those Actions it has been only allowed in Case of the Pits. Death And even there the Ex’r or Adm’r must make a recent Prosecution And w’t shall be *B349 deemed so the Judges are to determine upon the Circumstances of the Case In gen’l the Year mentioned in the Proviso just now taken Notice of his been thought a good Direction to the Judges And therefore where an Ex’r lay by four Years it was adj’d not to be a recent Prosecution fr Raymond & tot’ Cur’ Wilcox a Huggins FitzG. 170, 289.
The Defts. Possion in this Case has been 46 years There have been two Purchases & two Devises The Defts. Testor was a Purchasor for a val. Cons. The Acts of Lim were made in fav’r of Purchasors And we rely upon them to protect & secure us
[322] If Lessor not barr’d by Act of Limitation Then
2 Quest is Whether the Warr of his Fa’r in the Deed of Conv. to Ranson is a Bar to him And this I shall consider 1. Without Regard to the Assets descended to him & 2. With Regard to those Assets.
The Case as to this Point is shortly this A Woman Tent, in tail marries her Plusband aliens with Warr & leaves Assets in Fee simp, to a certain Value w’ch with the Warr descend upon the Issue in tail
The Subj. of Warr being pretty uncommon in this Court I hope I may be excused if I enlarge a little upon it
A Warr is a Cov’t real annexed to Land whereby a Man & his Heirs are bound to warrant the same 1 Inst. 365. a.
Of these Warr there are 3 Kinds lineal collateral & such as comence by Disseisin Lit. s. 679.
A Warr is sayed to be lineal or collat not in Resp. of the Warr but of the Title of the Land Thus a Warr descending from Fa’r to Son may be collat. tho’ the Descent of the Warr is with’t all Quest lineal And that will app’r to be the Case here.
A lineal Warr then may be thus defined Where the Lands to w’ch the Warr is annexed wo’d have descended to the Heir from the Ancestor making the Warr if that Warr had not intervened & prevented it
And so ex opposite a collat Warr is Where the Lands co’d not desc. from the Ancestor making the Warr Nor the Heir by any Possibility derive a Title under him Lit. s. 703, 45. & Com. 717. & Com.
Warr that comence by Disseisin having nothing to do with the pres’t Case I shall take no further Notice of them.
The Warr of the Defts. Fa’r in this Case must be collat acc’o *B350 to the above Defin .bee. tho’ the Warr descends lineally to him from his Pa’r Yet the Lands to w’ch the Warr is annexed being the Inher of his Moth’r co’d not descend to him from his Fa’r nor he by any Possib. derive a Title to them under his Father
I have entered into this Distinction of lineal & collat Warr that the Authoritys I shall produce may be the better understood not that I think the Terms of any great Use in the true Learning & Expl. of Warr But rather conceive with a gr’tMan (Vaughan) that they serve more to perplex & intricate than to illustrate any useful Learning on the Subj. Vid. Vaugh. Bole & Horton
Littleton has made his Chapter of Warr very obscure with these Terms & Coke in his Comm has rendered it more so
The princ Learning on Warr is to know Whether a Warr binds or not And that is the Question here
Now at the Com Law all Warr exc such as comenced by Disseisin were binding And descending upon the Heirs of those who made them were Bars to such Heirs to claim any Thing in the Lands to w’ch the Warr were annexed This Doctrine Litt. expressly teaches s. 697.
If they bound at the Com Law they must do so in all Cases unless the Law is altered by some Stat
[323] Only four Stat’s w’ch restrain Warr viz Glouc. Westm 2. De donis. 11. H. 7. & 4. & 5. Ann. 16. but this last is not in Force here
The Stat. of Glouc. w’ch was the first restrains the Warr. of Ten’t by the Curtesy & of the Husband of the Wifes Inher in her Life time from barring the Heir of the Wife unless Assets in Fee simple descend from the Father to the Heir of which more by & by
The Stat. of Westm. 2. upon w’ch Estates tail were first introduced speaks nothing expressly concerning Warr but in gen’l Terms restrains all kind of Alien’a of Ten’t in tail from barring the Issue & consequently Alienation w’th Warranty The Words are'|,“ Non habeant potestatem alienandi quo minus ad exitum “ illorum remaneat (sc. tenementum) post corum obitum”
The 11. H. 7. restr the Warr of a Woman Ten’t in Dower for Life or in Tail of her Husbands Gift but of this nothing need be sayed in the present Case The Stats, of Glouc. & Westm. are those only w’ch concern the present Question I shall therefore consider the Case upon both these Stats. And first upon the Stat. of Westm
*B351 The Lessors Mother in this Case was Ten’t in Tail And if this Alienation with Warr had been made by her it wo’d not have barr’d her Issue (at least with’t Assets because such Alien’a is expressly restr by the Stat. of Westm. And the Warr in that Case must have been lienal because the Issue must derive his Title under the Ten’t in Tail
But the Stat. has only restrained the Alien’a of Ten’t in tail from barring the Issue for even such Alien’a with Warr will bar a Rem’r man or even the Donor of his Reversion if the Warr descends upon him 1 Inst. 374. a. b. (Sed qucere as to Donor & vid. Bole & Horton)
And so in like manner the Warr of any collateral Ancestor descending upon the Issue in tail will bind the Right of the Estate tail & bar the Issue for such Warr are not restr by the Stat. .1 Inst. 374. b.
This Doctrine may seem very harsh but the Law is however very clear & plain And it is to be considered that the Law in this Case is not so much founded upon the Reason of Things or what may be called strict natural Justice but upon certain Rules & Principles introduced & established for public Convenience
Littleton in his Chapter of Warr s. 712. says that a collateral Warr is a Bar to him that demandeth Fee tail unless in Cases that are restrained by the Stats. & he puts sev’l Cases to illustrate this Doctrine
If Lands be given to a Man & the Heirs of his Body who marries discontinues the Tail & dies And his Wife after his Death rel. to the Discontinuee with Warr This Warr descending upon the Issue in tail is collateral & a Bar S. 713.
In this Case the Alien with Warr. of the Husband who was Ten’t in Tail wo’d not have barr’d his Issue because such Warr wo’d have been lineal & is restr. by the Stat of Westm but the Warr of the Wife descending upon the Issue in Tail is a Bar because her Warr is collateral to the Issue & is not restrained by the Stat. for no collateral Warr is restr. by the Stat. of Westm. [324] as appears from 1 Inst. 374.
This Case di ffers nothing in Substance from the present There the Husband was Ten’t in tail & the Warr of the Wife barr’d the Issue Here the Wife was Ten’t in tail & the Warr of the Husb. as we say bars her Issue So if Ten’t in Tail discontinue the Tail has Issue & dies & the Uncle of the Issue rel. to the Dis *B352 contin with Warr & dies without Issue this Warr descending upon the Issue in Tail is a Bar L. 709. & Com.
If Ten’t in Tail has Issue 3 Sons discontin the Tail & dies & the middle Son rel to the Discontin with Warr & dies without Issue this Warr descending upon the eldest Son is a Bar to him to recover the Estate tail L. 708.
In both these Cases the Warr must be collateral bee. the Issue in Tail cannot derive a Title under his Unkle nor the elder Brother from the middle And they are Bars not directly & a priori bee. they are collateral Warr but because no collateral Warr is restrained by the Stat. Westm.
There are a Number of other Cases in Litt. to the same Purpose L. 710. 716. 718. 719. And Coke in his Com on L. 709. says it had been attempted in Pari, to restrain collateral Warr unless Assets descended from the same Ancestor but it never took Effect bee. it wo’d weaken comon Assurances 1 Inst. 373. b.
And p. 374. b. in the Place already cited he says y’t a collat Warr made by a collat Ancestor doth bind the Right of an Estate tail with’t Assets And the Reason thereof he says is the Stat De Donis for that it is not made by the Ten’t in Tail as the Lineal Warr is
After reading some of the Authoritys I have quoted I hope I shall have sufficiently proved that the Warr of the Lessors Father descending upon him is a Bar in this Case with’t any Regard to the Assets descended
Lege Litt. S. 697, 712, 713, 708, 709. 1 Inst. 373. b. & 374. 6
As to the Reason of the Law why a collateral Warr shall bar I can find only one & that is mentioned by Coke in his Com. on L. 709. viz A presumption the Law makes that no one wo’d unnaturally disinherit his lawf. Heir unless he left him greater Advancm’t Nemo prassumitur alienam posteritatem sues pmtulisse And ag’t this Presumption he says the Law will admit no Proof
How solid or satisfactory this Reason may be is not my Business to enquire It is enough that I have shewed the Law to be clear & plain in the Point
But I cannot conclude with’t taking Notice of one Authority more a Passage in Coke’s 2 Inst. 274. in his Comm upon the Stat. of Glouc. And the rather bee. it is expressly in Point His Words are “ If the Lands are intailed to the Wife the collat Warr “ of the Husb. shall bar ” And so I shall leave this Point
*B353 I am next to consider this Case upon the Stat of Glouc And endeavour to shew that it is not within that Stat as I hope I have already proved it not to be within the Stat of Westm.
[325] The Words of the Stat of Glouc. are these “ If a Man “ alien a Tenem’t that he hold by the Law of England his Son “ shall not be barr’d by the Deed of his Fa’r (from whom no “ Heritage to him descended) to demand & recov’r by Writ of “ Morbdancestor \_sic\ of the Seisin of his Mother altho’ the “ Deed of his Fa’r doth mention that he & his Heirs are bound “ to Warr And if any Heritage descend to him on his Fa’rs Side “ then he shall be bar’d to the Value of the Heritage to him “ descended &c. Likewise in like Manner the Heir of the Wife “ shall not be bar’d of his Action after the Death of his Fa’r & “ Mother if he demand the Inheritance of his Moth’r by Writ “ of Entry w’ch his Fath’r did alien in the Life time of his “ Mother”
The first Branch of this Stat. relates to Alien’a by Ten’t by the Curtesy The latter to Alien’a made by the Husband in the Wifes Life time of her Land It is within the latter Branch only this Case can be bro’t if it is within the Stat. at all w’ch I conceive it is not
When this Stat. was made 6. E. 1. there were no Estates tail in the present notion of them. They were introduced upon the Stat. Westm. 2. not made till 7 years after 13. E. 1. It cannot therefore be supp’d that the Makers of the Stat. of Glouc. co’d intend to restrain the Alien’a of an Estate not then in being And tho’ the Word Inher w’ch is the Word made Use of in the Stat. may in its general Signific’a as well be applied to Estates tail as Fee simple Yet for the Reason given in this Case it must be restr to Fee simple Estates only w’ch were the only Inheritances then known in the Law
Upon this Reason I presume Coke in the Pass, just now cited from his 2 Inst, in his Comm, upon this Stat. & this Branch of it says If the Land is intailed to the Wife the collat Warranty of the Husb. shall bar w’ch proves this Opin. that the Stat. only extends to Fee simple Estates of the Wife.
Then Litt. S. 712. before cited says ‘ A collat Warr is a Bar “ to him that demandeth the Fee tail except in Cases that are “ restr by the Stat & in other Cases as shall be sayed hereafter ” And in all the Cases put by h'm as Exams to his gen’l Rule there is not this of the Husband’s Alien’a with Warr of the Wifes *B354 intailed Lands Altho’ in S. 732. he particularly comments upon this Branch of the Stat
So that it was plainly Littleton’s Opin. as well as Coke’s that the Stat. does not extend to Esates tail.
In all our English Statute Books the Words of the Stat. of Glouc. are “ Inheritance of his Mother” But the original in French (tho’ not so in Coke) is “ Heritage on Marriage ” as app’rs in Hawkins Statutes & also in Lit. S. 728. & 732. above cited In w’ch last Sect, he says Heritage is intended of Fee simple Lands & Marriage of Lands given in Frank marriage And Coke in his Comment on this Sect, says [326] Frankmarr. is only put for Example for that the Stat extends also to Estates tail How to reconcile this with his Opin. in 2 Inst. 294. above cited I can’t tell Nor is it easie to conceive how the Stat could extend to Estates not then in being (as Estates tail in the present Notion of them were not) unless it be taken by Equity Ideo qucere the Law
But I will agree that this Stat is sometimes taken by Eq. to extend to Cases not expressly within the Letter & particularly in the very Case of Estates tail as if Ten’t in tail alien with Warr & leave Assets in Fee Simple to descend to the Issue Altho’ the Stat of Westm restrains all Alien’a indefinitely & this Stat of Glouc. was made before there were any Estates tail as has been observed Yet by an equitable Constr of both Stat’s it has been held for many Ages that the Warr of Ten’t in Tail with Assets is a Bar to the Issue in Tail as well as a Warr by the Husb. with Assets shall bar the Heir of the Wife The Law is grounded upon these Reasons It is supposed the Ten’t intends to put his Fee simple Lands in Lieu of the Intailed Lands And it wo’d be of no Use to charge one Land for the other w’ch wo’d only tend to multiply Suits for if the Issue sho’d recover the Intailed Lands the Purchaser by Force of the Warr wo’d recover in Value out of ■ the Fee simple Lands Therefore for avoiding these Suits the Judges thought it best to make one a Bar to the other 21. E. 3. 28, 29. 38. E. 3. 23. b. Plo. 110. 2 Inst. 293, 335. 1 Inst. 366. a. 374. b. 8 Co. 52. Sims Case
But the Eq. of this Statute has not been carr’d so far as to the present Case viz an Alien’a by the Husb. of the Wifes Inher. in tail as is proved both from Litt. & Coke And therefore I conclude that this Case is quite out of the Stat of Glouc. & conseq. that there being or not being Assets does not differ the Case
*B355 But if this Case sho’d be taken to be within the Eq. of the Stat. Then there being Assets the Warr is unquestionably a Bar to the Value
For tho’ no Mention is made of Assets in the latter Branch of the Stat. that speaks of an Alien’a in the Wifes Life Yet the Words “ Likewise in like Manner ” so couple the two Branches tog’r that it has been always taken & understood that Warr & Assets are a Bar in that Case as well as if the Alien’a was by Ten’t by the Curtesy 2 Inst. 294.
And the Words of the Act in the first Branch are very express “ that if any Heritage descend to the Heir from his [327] Father “he shall be bar’d to the Value ” 21. E. 3. 28, 29. 1 Inst. 365. a. 8 Co. 52, 53. Sims Case.
In this Case the Assets descended are of the Value of 288 — 15. The Prem. £.323 — 15. So that in any View the Lessor can only have Judgm’t for the Value of £.35.
For the Pit. it was insisted as to the 1. Point that having bro’t his second Ej. within ten Years after Judgm’t ag’t him in the first he was within the Equity of the Saving Clause of the Act of Lim And so the Court seemed to think
As to the 2. Point it was insisted that the Lease & Rel. made no Discontinuance the Estate was not divested displaced or turned to a Right & so the Warr was no Bar — This being unanswerable was acquiesced under
Judgm’t for the Pit. Apr. 1741. Rightly as to the 2 Point.
But Q. as to the first.
Vid. as to 2. Point ante 197. the Case of Richardson & Mountjoy & these Authorities 1 Inst. 388. b. 271. b. Lit. S. 606. Seymors Case 10 Co. 96. b. 1 Sand. 260. Cart. 208.